# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ROBERT G. BAILLARGEON, an individual with a primary place of residence in the City of Berlin, County of Coos, State of New Hampshire,<br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>UNITED STATES POSTAL SERVICE<br>      Defendant, | Civil Action No.: _____ |

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiff Robert G. Baillargeon seeks compensatory damages from the United States of America, United States Postal Service in accordance with the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq*., for injuries he sustained on July 17, 2023, from a motor vehicle accident, where an employee, while working under the scope of the Defendant, stuck the Plaintiff's vehicle.

## PARTIES

1. Plaintiff Robert G. Baillargeon, is an individual residing in Berlin, County of Coos, State of New Hampshire.

2. Defendant, The United States of America, United States Postal Service, is made a Defendant under 28 U.S.C. § 2674 and 28 U.S.C. § 1346(b), which make the United States liable for tort claims in the same manner and to the same extent as a private individual under like circumstances and for torts committed by employees of the United States acting within the scope of their employment.

## JURISDICTION AND VENUE

3. Plaintiff brings this Claim under 28 U.S.C. § 1346(b) for money damages arising from personal injuries caused by the negligent and wrongful acts and omissions of employees of the government while acting in the scope of their office or employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the law of the place where the act or omissions occurred, per 28 U.S.C. § 2671, *et seq*.

4. The United States district courts shall have original jurisdiction over all actions brought against the Postal Service per 39 U.S.C. § 409(a); and for money damages arising from personal injury caused by the negligent or wrongful act or omission of any employee of the government while

acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred per 28 U.S.C. § 1346; and for federal questions arising under the laws of the United States per 28 U.S.C. § 1331.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1402(b) because the alleged negligence and resulting damages occurred in the city of New Gloucester, County of Cumberland, State of Maine.

## FACTS

6. At all times relevant to this Complaint, Defendant's vehicle was owned and operated by U.S. Post Office, United States of America.

7. On or about July 17, 2023, Plaintiff Robert G. Baillargeon was operating a 2023 Buick traveling in a southerly direction on Maine Street in New Gloucester, County of Cumberland, State of Maine.

8. At or around 03:37 p.m., a 1993 United States Postal Service Van, operated by John R. Mckinney, was moving in a northerly direction out of a driveway onto Maine Street in New Gloucester, County of Cumberland, State of Maine.

9. At the time of the collision, the USPS driver was acting within the course and scope of his employment with the United States Postal Service.

10. Pursuant to 28 U.S.C. § 2675(a), Plaintiff presented an Administrative Claim with the United States Postal Service using Standard Form 95 for approximately $365,000.00 ($15,000.00 for property damage and $350,000.00 for personal injuries) and mailed to the "Tort Claims Coordinator at "USPS Northern New England District" on or around November 07, 2024.

11. Defendant has failed to make a final disposition of Plaintiff's claim within six months of that notice and is therefore deemed by Plaintiff to have finally denied his claim.

12. Six months having elapsed, all conditions precedent to the Federal Tort Claims Act have been met.

## COUNT I

13. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 12 and incorporates the same herein by reference.

14. At said time and place, Defendant owed to Plaintiff the duty to use care to operate said vehicle in such a way as to avoid causing vehicle collisions.

15. At said time and place, Defendant, being unmindful of their duty aforesaid did negligently and carelessly drive and operate their vehicle in such a manner that they caused it to collide with the Plaintiff's vehicle.

16. Defendant was further negligent at said time and place in that:

>   a.  they failed to see the Plaintiff's vehicle, although by exercise of due care they could seen said vehicle in time to avoid striking it;
>   b.  they failed to yield the right of way to the Plaintiff's vehicle;
>   c.  they were inattentive in operating said automobile.

17. As a direct and proximate result of the negligence of the Defendant aforesaid, the Defendant's vehicle struck the vehicle operated by the Plaintiff, as a result of which Plaintiff received great injuries of mind and body.

18. Said injuries caused great pain and suffering and mental anguish to Plaintiff and required hospitalization and medical treatment for which Plaintiff is liable financially, have caused Plaintiff to lose wages and prevented him from performing his usual employment, resulting in an impaired earning capacity, and have caused him loss of enjoyment of life, all of which elements of damage are of a continuing nature since the injuries are permanent in their effects.

19. The collision occurred when the USPS vehicle attempted to make a left hand turn out of a driveway, failed to yield the right of way, and entered the Plaintiff's lane of travel, striking the Plaintiff's vehicle, causing it to rollover.

>       WHEREFORE, Plaintiff Robert G. Baillargeon prays judgment in the amount of $350,000.00 in this Count I, that is reasonable against Defendant United States of America, United States Postal Service plus interest and costs, and such other relief as the court may deem just and proper.

## COUNT II

20. Plaintiff restates and realleges all of the material contained in paragraphs 1 through 19 above as if fully set out herein.

21. As a direct and proximate result of Defendant's afore stated negligence, the vehicle operated by Plaintiff was damaged and diminished in value, to Plaintiff's financial detriment.

>       WHEREFORE, Plaintiff Robert G. Baillargeon prays judgment in the amount of $15,000.00 in this Count II, that is reasonable against Defendant United States of America, United States Postal Service plus interest and costs, and such other relief as the court may deem just and proper.

DATED at Lewiston, Maine, this 21st day of May 2025.

                                                */s/Christian J. Lewis, Esq.*
                                                Christian J. Lewis, Esq.
                                                Bar No.: 10034
                                                Attorney for Plaintiff
                                                Hardy Wolf & Downing, PA
                                                PO Box 3065
                                                Lewiston, Maine 04243-3065
                                                207-784-1589
                                                email:  clewis@hardywolf.com